UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　　　　 )<br>　　　Plaintiff, 　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　 )<br>　　　v. 　　　　　　　　　　　　　　　 )　　Case No. 16-cr-30044-MGM<br>　　　　　　　　　　　　　　　　　　 )<br>[1] ALBERTO MARTE and 　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　 )<br>[8] JUAN PEREZ, 　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　 )<br>　　　Defendants. 　　　　　　　　　　　 ) | |

MEMORANDUM AND ORDER REGARDING GOVERNMENT'S MOTION TO
RECONSIDER THE COURT'S MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTION TO COMPEL DISCOVERY
(Dkt. No. 426)

ROBERTSON, U.S.M.J.

　　I.　　INTRODUCTION

The United States of America ("the government") requests that the court reconsider its decision denying Defendant Alberto Marte's and Defendant Juan Perez's (hereinafter collectively "Defendants") motion to compel discovery. Specifically, the government clarifies a representation it made at the hearing on Defendants' motion upon which the court relied to deny Defendants' request for discovery of the identity of a person who was identified by a nickname in an application for a court order authorizing a wiretap. By its motion to reconsider, the government asks the court to amend the basis for its denial of that discovery request and to deny the request on other grounds. For the reasons that follow, the court ALLOWS the government's motion for reconsideration and DENIES Defendants' motion to compel discovery of the individual's identification.

　　II.　　BACKGROUND

1

As a result of Defendant Alberto Marte's alleged involvement with a large-scale narcotics trafficking organization in Springfield, he is charged in a second superseding indictment with one count of conspiring to distribute heroin and to possess heroin with intent to distribute, in violation of 21 U.S.C. § 846, two counts of aiding and abetting distribution of heroin and possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2, four counts of distribution of heroin and possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841, one count of conspiring to distribute fentanyl and to possess fentanyl with intent to distribute, in violation of 21 U.S.C. § 846, and one count of possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924 (Dkt. No. 300).  The same indictment charges Marte's co-defendant, Juan Perez, with one count of conspiring to distribute heroin and to possess heroin with intent to distribute, in violation of 21 U.S.C. § 846 (*id.*).  The indictments were the result of an investigation conducted by the Springfield Resident Office of the United States Drug Enforcement Administration ("DEA"), which included court-authorized interceptions of wire and electronic communications occurring over the cellular telephones of members of the organization.  *See* 18 U.S.C. §§ 2510-2520 ("Title III").

After the government responded to Defendants' twenty-one discovery requests on September 26, 2017, Defendant Perez rejoined with a motion to compel production of material in response to five of his original requests (Dkt. Nos. 341, 342).  The court allowed Defendant Marte's motion to join Defendant Perez's motion to compel, and the government responded to Defendants' motion (Dkt. Nos. 347, 353).  Defendants' motion to compel requested material regarding:  (1) a wiretap conducted in the Dominican Republic that intercepted Defendant Marte's communications; (2) the government's funding requests; and (3) the identity of an alleged target of the Title III interceptions.  After a hearing on Defendants' motion, and after

receiving the government's response to the court's order for additional factual information regarding whether or not the DEA and law enforcement agents in the Dominican Republic were engaged in a joint investigation when Defendant Marte's communications were intercepted, the court denied Defendants' motion to compel (Dkt. No. 424). The government now has requested the court to reconsider its basis for denying Defendants' request for information regarding the identity of an alleged target of the wiretap due to the court's misinterpretation of a statement made by an Assistant United States Attorney ("AUSA") at the hearing on Defendants' motion to compel (Dkt. No. 426).

### III. DISCUSSION

According to the government, its first Title III application indicated that they expected to intercept the communications of an individual identified only as "Flaco" (Dkt. No. 426 at 2 n.1).[1] Defendants requested that the government be compelled to identify Flaco in order to determine whether or not Flaco was also a confidential informant ("CI"). Defendants contended that they needed Flaco's identity to demonstrate that the government's application in support of the Title III order misrepresented the necessity of the wiretap by failing to inform the issuing judge that Flaco was a CI who provided the government with information about the narcotics organization. *See United States v. Gordon*, 871 F.3d 35, 45 (1st Cir. 2017) (Title III requires "that the government . . . establish necessity as a prerequisite for obtaining a wiretap order."); 18 U.S.C. § 2518(1)(c) (each application for a Title III order must contain "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous"). Defendants further

---

[1] The government indicates that the court issued six additional orders authorizing wiretaps (Dkt. No. 426 at 2 n.1).

posited that if Flaco was acting as a CI and the wiretap was not necessary, the government's failure to comply with the statute's requirements might be grounds for suppression of the intercepted communications. *See* 18 U.S.C. § 2518(10)(a) (listing grounds for motions to suppress intercepted communications). In a related contention, Defendants argued that the government's failure to disclose Flaco's status as a CI on the Title III application might constitute a false statement in the warrant application, which could be a basis to seek suppression of evidence under *Franks v. Delaware*, 438 U.S. 154 (1978). *See Gordon*, 871 F.3d at 51 ("To obtain a *Franks* hearing, a defendant must make 'a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [that] the allegedly false statement is necessary to the finding of probable cause.'") (quoting *Franks*, 438 U.S. at 155-56).

The government opposed Defendants' request on the ground that they failed to demonstrate materiality as required by Fed. R. Crim. P. 16(a)(1)(E). Specifically, the government alleged that Defendants' contention -- that the government misrepresented the necessity for the wiretap in the Title III application by failing to fully disclose the use of CIs -- was based on speculation. The government further contended that even if Defendants showed materiality, the true identity of Flaco, who the government will not call to testify at trial, is protected by the informer's privilege (Dkt. Nos. 353, 426).

  A. <u>The Government Provides Grounds for Reconsideration</u>

During the discussion of Defendants' request for the identification of Flaco at the hearing on Defendants' motion to compel, the court understood the AUSA to state that Flaco was not a CI and denied Defendants' request on the basis of the AUSA's representation as an officer of the court (Dkt. No. 424 at 13-14). The government now clarifies the AUSA's statement by

indicating that it will neither confirm nor deny Flaco's status as a CI because to do so could reveal his or her identity (Dkt. No. 426 at 4).  Based on this clarification of the AUSA's statement, the court allows the government's request for reconsideration in the interests of justice.  *See United States v. Roberts*, 978 F.2d 17, 21 (1st Cir. 1992) (citing *Greene v. Union Mut. Life Ins. Co.*, 764 F.2d 19, 22-23 (1st Cir. 1985)).  Moreover, the court is persuaded by the government's alternate grounds for opposing Defendants' motion to compel disclosure of Flaco's identity.

      B.      <u>Defendants Fail to Establish the Materiality of Flaco's Identity</u>

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure requires the government to disclose items within its "possession, custody, or control" if a defendant demonstrates that the material he requests will "'enable[] [him] significantly to alter the quantum of proof in his favor.'"  *United States v. Goris*, 876 F.3d 40, 44-45 (1st Cir. 2017) (quoting *United States v. Ross*, 511 F.2d 757, 762 (5th Cir. 1975)); Fed. R. Crim. P. 16(a)(1)(E).  As discussed earlier, Defendants allege that they need Flaco's true identity to demonstrate that the government's Title III application failed to comply with 18 U.S.C. § 2518(1)(c) because it did not include a "full and complete statement" establishing the necessity for the wiretap.  The government responds that its application met the requirement by completely describing the other investigative techniques that it had employed, including the use of CIs, and their shortcomings (Dkt. No. 426 at 10-12).  Moreover, the AUSA indicates that the judge who issued the Title III order "was not misled" regarding necessity (Dkt. No. 426 at 7, 11-12).  *See Genereux v. Raytheon Co.,* 754 F.3d 51, 58 (1st Cir. 2014) (courts "'consider an express representation by an officer of the court to be a solemn undertaking, binding on the client.'") (quoting *CMM Cable Rep., Inc. v. Ocean Coast Props., Inc.,* 48 F.3d 618, 622 (1st Cir. 1995)).  Accordingly, there is no indication, beyond

Defendants' speculation, that the government misled the judge who issued the Title III order regarding the necessity for the wiretap. *See Goris*, 876 F.3d at 45 (speculation is insufficient to satisfy the materiality requirement).

    B.    <u>Flaco's Identity is Privileged</u>

Because the government has asserted the informer's privilege, even if Defendants overcame the materiality hurdle, they have not sustained their burden of demonstrating that their need for disclosure of Flaco's identity outweighs the government's interest in withholding it. *See Roviaro v. United States*, 353 U.S. 53, 59, 62 (1957) ("What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law."). "The privilege is designed to protect the government's sources and to shield citizens who contribute their knowledge to facilitate the prosecution of criminal acts." *United States v. Robinson,* 144 F.3d 104, 106 (1st Cir. 1998). However, the privilege is not absolute. *See id.* "Where the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro,* 353 U.S. at 60–61.

"To further the policies behind the *Roviaro* rationale, the trial court's analysis begins with a presumption favoring confidentiality. Thus, the defendant must carry the devoir of persuasion to show that disclosure is necessary to mounting an adequate defense." *Robinson*, 144 F.3d at 106. *See United States v. Lewis*, 40 F.3d 1325, 1335 (1st Cir. 1994). Here, Defendants fail to meet their "heavy burden." *United States v. Bulger*, Criminal Action No. 99-10371-DJC, 2013 WL 1821623, at *2 (D. Mass. Apr. 29, 2013). *See Lewis*, 40 F.3d at 1335. First, their request is related to the legality of the wiretap as opposed to their guilt or innocence. *See United States v.*

*Cartagena*, 593 F.3d 104, 113 (1st Cir. 2010) ("[A]t the suppression stage, the defendant's interest in disclosure, weighed against the government's interest in protecting the informant's confidentiality, is of a lesser magnitude than at the trial stage.").  In addition, their request is based on speculation that the government failed to adequately disclose the results of CIs' activities in its application for the Title III warrant.  In view of the government's representations that they made a complete and forthright disclosure regarding the necessity for the wiretap, Defendant's showing is inadequate to overcome the informer's privilege.  *See United States v. Batista-Polano*, 927 F.2d 14, 19 (1st Cir. 1991) ("Mere speculation as to the usefulness of an informant's testimony is insufficient to warrant disclosure."); *United States v. Giry,* 818 F.2d 120, 130 (1st Cir. 1987) ("'Speculation . . . is not sufficient to meet the heavy burden which rests on an accused to establish that the identity of an informant is necessary to his defense.'") (quoting *United States v. Skeens,* 449 F.2d 1066, 1070 (D.C. Cir. 1971)).

Accordingly, the court denies Defendants' request to disclose the identity of a CI.

IV. CONCLUSION

For the foregoing reasons and for the reasons stated in the court's original order, the court ALLOWS the government's motion to reconsider (Dkt. No. 426) and DENIES Defendants' motion to compel (Dkt. Nos. 341 [Perez] & 347 [Marte]).

It is so ordered.

Dated:  March 6, 2018 /s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE